# DESMARAIS LLP

www.desmaraisllp.com

| | Sean T. Doyle | |
|---|---|---|
| 230 Park Avenue | Direct: 212-351-3421 | P: 212-351-3400 |
| New York, NY 10169 | sdoyle@desmaraisllp.com | F: 212-351-3401 |

September 30, 2015

**Via ECF**

The Honorable Gary R. Brown
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re: *Luciano F. Paone v. Broadcom Corporation, et al.,*
Case Nos. 2:15-cv-596; 2:15-cv-608; 2:15-cv-610;
2:15-cv-639; and 2:15-cv-647

Dear Judge Brown,

Pursuant to your Honor's September 3, 2015, Scheduling Order, the parties hereby jointly submit the attached [Proposed] Joint Discovery Schedule for Phase II discovery. Additionally, the parties propose the following procedures and format for the production of electronically stored information ("ESI") in Phase II discovery:

**Format – documents existing in electronic format:** The parties agree that all documents existing in electronic format shall be produced in multiple page, searchable TIFF format at a resolution of at least 300 dpi in accordance with the following:

1) TIFF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document. Each TIFF image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. TIFFs shall show all text and images that would be visible in the original electronic format (native format), including redlines and speaker notes.

2) For documents which already exist in PDF format prior to production, the producing party shall provide them in TIFF format. For documents converted to PDF format prior to production, the producing party shall convert them to TIFF.

3) The producing party need not produce text files for redacted documents.

**Format – hardcopy or paper documents:** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format as

**DESMARAIS** LLP

The Honorable Gary R. Brown
September 30, 2015
Page 2

follows: In scanning hard copy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, hard copy documents should be logically unitized). The parties will use reasonable efforts to unitize documents correctly.

**Parent and child emails:** To the extent that email productions are required, the following procedures shall govern. The parties shall produce email attachments sequentially after the parent email. With respect to an email chain, the parties are permitted to produce the longest unique chain and the parties do not need to separately produce the lesser-included emails unless those lesser-included emails include unique attachments not included in the longest chain. If a lesser-included email includes a unique attachment, then the lesser-included email must be separately produced with the attachment.

**Native files:** The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

**Metadata fields:** The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, Email Subject, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

**No backup restoration required:** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

**Voicemail, Mobile Devices, and Instant Messaging:** Absent a showing of good cause, voicemails, PDAs and mobile phones, and instant messaging communications are deemed not reasonably accessible and need not be collected and preserved.

Very truly yours,

/s/ Sean T. Doyle
Sean T. Doyle